[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO COMPEL
The agency proceedings in this case commenced on May 10, 1988, when the defendant Town of Glastonbury (Town) sought a declaratory ruling from the defendant Freedom of Information Commission (FOIC) concerning various disputes it had with the plaintiff, C.J. Mozzochi. Accordingly, the case is governed by the provisions of the Uniform Administrative Procedure Act which were in effect prior to July 1, 1989. See General CT Page 4902 Statutes 4-185, as amended by Public Act 88-317.
The FOIC held a hearing in October 1988 and issued its declaratory ruling, which it designated as Advisory Opinion 71, January 24, 1990. The plaintiff appealed that ruling to this court pursuant to General Statutes 4-183. See also General Statutes 4-176 (Rev'd 1987). All parties filed briefs and presented oral argument. Thereafter, this court (Spada, J.) rendered a decision sustaining the appeal in part and remanding the case for further proceedings before the FOIC.
On March 2, 1992, the FOIC held a hearing on the issues identified by Judge Spada in his memorandum of decision. These issues included possible civil sanctions against the plaintiff pursuant to General Statutes 1-21i(b). The FOIC has not, however, rendered any decision following the hearing on remand. The plaintiff's "motion to compel" a decision is presently before this court.
Under the Uniform Administrative Procedure Act prior to July 1, 1989, a declaratory ruling proceeding in which the agency held a hearing was a "contested case" as defined in4-166(2). Subsequently, Public Act 88-317, changed the law to specifically exclude declaratory ruling proceedings from the definition of "contested case". However, as indicated, the prior law applies to this case.
General Statutes 4-180 (Rev'd to 1987), applicable to this case, requires an administrative agency to render a final decision in a contested case within ninety days following the close of evidence and filing of briefs. The statute allows any party to apply to this court for an appropriate order in any case where the agency fails to render a timely decision.
The court has heard oral argument and factual representations from the various parties in this case. It is apparent that there are many issues and points of conflict that are continuing; some new issues have arisen since the court's decision to remand the case. Nevertheless, the plaintiff is statutorily entitled to a definitive ruling at some point. Therefore, in accordance with the statutes summarized above and taking into consideration the arguments of the plaintiff and defendants, the FOIC is ordered to render CT Page 4903 a decision in this case on or before June 30, 1993.
Maloney, J.